CARLETON L. BRIGGS, SBN 117361
Law Offices of Carleton L. Briggs
740 Fourth Street, Suite 202
Santa Rosa, CA 95404-4421
Telephone: (707) 523-2251
Facsimile: (707) 523-2253
E-mail: clbriggs@sonic.net

Attorneys for Plaintiff
WILLIAM A. PRATHER

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM A. PRATHER,<br><br>    Plaintiff,<br><br>vs.<br><br>RODEO-HERCULES FIRE PROTECTION DISTRICT; JOHN MILLS, an individual; WALTER TRUJILLO, an individual; J. R. STAFFORD, an individual; BETH BARTKE, an individual; and WILLIAM D. ROSS, an individual,<br><br>    Defendants.<br>_____/ | No. C 10-02120 JSW<br><br>**STIPULATION AND ORDER TO PROTECT CONFIDENTIAL INFORMATION**<br>_____<br><br>Date: N.A.<br>Time: N.A.<br>Courtroom: 11<br>Judge: Hon. Jeffrey S. White<br><br>First Amended Complaint filed: 5/21/10<br>Trial date: None |

Subject to the approval of this Court, the parties through their respective counsel hereby stipulate to the following protective order:

1. In connection with discovery proceedings in this action, the parties may designate any document, thing, material, testimony or other information derived therefrom, as "Confidential" under terms of this Stipulated Protective Order (hereinafter "Order"). Confidential information is information which has not been made public and which concerns or relates to the processes, operations, type or work, or apparatus, or to the production, sales, shipments, purchases, transfers, identification of customers,

1  inventories, amount or source of any income, profits, losses, or expenditures of any
2  persons, firm, partnership, corporation, or other organization, the disclosure of which
3  information may have the effect of causing harm to the competitive position of the
4  person, firm, partnership, corporation, or to the organization from which the information
5  was obtained.  By designating a document, thing, material, testimony or other information
6  derived therefrom as "confidential," under the terms of this Order, the party making the
7  designation is certifying to the Court that there is a good faith basis both in law and in fact
8  for the designation within the meaning of Federal Rules of Civil Procedure, Rule 26(g).

9       2.  Confidential documents shall be so designated by stamping copies of the
10 document produced to a party with the legend "CONFIDENTIAL".  Stamping the legend
11 "CONFIDENTIAL" on the cover of any multipage document shall designate all pages of
12 the document as confidential, unless otherwise indicated by the producing party.

13      3.  Testimony taken at a deposition, conference, hearing or trial may be designated
14 as confidential by making a statement to that effect on the record at the deposition or
15 other proceeding.  Arrangements shall be made with the court reporter taking and
16 transcribing such proceeding to separately bind such portions of the transcript containing
17 information designated as confidential, and to label such portions appropriately.

18      4.  Material designated as confidential under this Order, the information contained
19 therein, and any summaries, copies, abstracts, or other documents derived in whole or in
20 part from material designated as confidential (hereinafter "Confidential Material") shall
21 be used only for the purpose of the prosecution, defense, or settlement of this action, and
22 for no other purpose.

23      5.  Confidential Material produced pursuant to this Order may be disclosed or
24 made available only to the Court, to counsel for a party (including the paralegal, clerical,
25 and secretarial staff employed by such counsel), and to the "qualified persons" designated
26 below:
27 //
28

1    (a) a party, or an officer, director, or employee of a party deemed necessary by
2    counsel to aid in the prosecution, defense, or settlement of this action;

3    (b) experts or consultants (together with their clerical staff) retained by such
4    counsel to assist in the prosecution, defense, or settlement of this action;

5    (c) court reporter(s) employed in this action;

6    (d) a witness at any deposition or other proceeding in this action; and

7    (e) any other person as to whom the parties in writing agree

8    Prior to receiving any Confidential Material, each "qualified person" shall be provided with a copy of this Order and shall execute a nondisclosure agreement in the form of Attachment A, a copy of which shall be provided forthwith to counsel for each other party and for the parties.

6. Depositions shall be taken only in the presence of qualified persons.

7. The parties may further designate certain discovery material or testimony of a highly confidential and/or proprietary nature as "CONFIDENTIAL--ATTORNEY'S EYES ONLY" (hereinafter "Attorney's Eyes Only Material"), in the manner described in paragraphs 2 and 3 above. Attorney's Eyes Only Material, and the information contained therein, shall be disclosed only to the Court, to counsel for the parties (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" listed in subparagraphs 5(b) through (e) above, but shall not be disclosed to a party, or to an officer, director or employee of a party, unless otherwise agreed or ordered. If disclosure of Attorney's Eyes Only Material is made pursuant to this paragraph, all other provisions in this Order with respect to confidentiality shall also apply.

8. Nothing herein shall impose any restrictions on the use or disclosure by a party of material obtained by such party independent of discovery in this action, whether or not such material is also obtained through discovery in this action, or from disclosing its own Confidential Material as it deems appropriate.

9.  If Confidential Material, including any portion of a deposition transcript designated as Confidential or Attorney's Eyes Only, is included in any papers to be filed in Court, such papers shall be labeled "Confidential--Subject to Court Order" and filed under seal until further order of this Court.

10.  In the event that any Confidential Material is used in any court proceeding in this action, it shall not lose its confidential status through such use, and the party using such shall take all reasonable steps to maintain its confidentiality during such use.

11.  This Order shall be without prejudice to the right of the parties (I) to bring before the Court at any time the question of whether any particular document or information is confidential or whether its use should be restricted or (ii) to present a motion to the Court under FRCP Rule 26(c) for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein.  This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order.

12.  This Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process.  Nothing in this Order nor the production of any information or document under the terms of this Order nor any proceedings pursuant to this Order shall be deemed to have the effect of an admission or waiver by either party or of altering the confidentiality or nonconfidentiality of any such document or information or altering any existing obligation of any party or the absence thereof.

13.  This Order shall survive the final termination of this action, to the extent that the information contained in Confidential Material is not or does not become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder.  Upon termination of this case, counsel for the parties shall assemble and return to each other all documents, material and deposition transcripts designated as confidential and all copies of same, or shall certify the

1 | destruction thereof.
2 |     SO STIPULATED:

DATED: September 10, 2010

/s/ Carleton L. Briggs
CARLETON L. BRIGGS

Attorney for Plaintiff William A. Prather

DATED: September 10, 2010    HAYES SCOTT BONINO ELLINGSON & McLAY, LLP

By: /s/ Nicholas Rogers
NICHOLAS ROGERS, ESQ.

Attorneys for Defendant William D. Ross

DATED: September 10, 2010    EDRINGTON, SCHIRMER & MURPHY, LLP

By: /s/ Dolores M. Donohoe
DOLORES M. DONOHOE, ESQ.

Attorneys for Defendants Rodeo-Hercules Fire Protection District, John Mills, Walter Trujillo, J. R. Stafford, and Beth Bartke

## ATTESTATION PURSUANT TO GENERAL ORDER 45.X.B.

I, Carleton L. Briggs, attest that concurrence in the electronic filing of this document has been obtained from each of the signatories. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 10th day of September, 2010 at Mountain View, California.

/s/ Carleton L. Briggs

1 **ORDER**

2 ~~APPROVED AND SO ORDERED.~~ The Court DENIES the parties stipulated protective order without prejudice based on the parties failure to specify that the parties would comply with N.D.

3 Local Civil Rule 79-5 in seeking to file documents under seal. Documents designated by the parties as confidential will not be filed automatically under seal.

4 DATED: September 13, 2010

_____
HON. JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

ATTACHMENT A

**NONDISCLOSURE AGREEMENT**

I, ........................................, do solemnly swear that I am fully familiar with the terms of the Stipulated Protective Order entered in *Prather v. Rodeo-Hercules, et al.*, United States District Court for the Northern District of California, Civil Action No. C 10-02120 JSW, and hereby agree to comply with and be bound by the terms and conditions of said Order unless and until modified by further order of this Court. I hereby consent to the jurisdiction of said Court for purposes of enforcing this Order.

DATED: ............................

/s/-------------------------